M. W. Trey Cockrell, Chesterfield, South Carolina, representing David Williams. This is an appeal from a plea before Judge Brian Harwell. I've briefed this matter on- Chesterfield is near Cordova? Somewhat near Cordova, Your Honor. North Carolina. He got you. He's right. I'm from Cordova, South Carolina. He was trying to jab at me, but you answered it correctly. It is near Cordova, North Carolina. This is passing me by. Thank you, Your Honor. It's kind of passing me by a little bit, but anyway, let me say this much. I suspect seldom has a question like that been asked to a lawyer with an expected answer, and the lawyer give a completely different answer that's correct. Thank you, Judge. I filed a brief under United States v. Anders and basically evaluated the colloquy back and forth between Judge Harwell and myself and my client, Mr. David Williams. I was not able to find anything that was pressing in regards to or that warranted appeal merit on that particular issue. Now, there are some things in regards to the brief of the United States as well as the co-defendant's counsel, Ms. Kathy Elmore, in regards to Rule 11C1C, and this is a Rule 11C1C plea in regards to- Your position is that- My position- Wait. Let me finish. Yes, sir. Your position is that as far as you can tell, as far as your expectations for your client, you were the counsel below, were you, or not so? Yes, Your Honor. As far as your expectations of the procedure and as far as what the judge did, you don't really see any error with anything that happened below, correct? I do not, Your Honor, in regards- I think Judge Harwell very articulately- The answer would be no. No, Your Honor. That's correct. And the reason- Is there anything else you want to talk to us about or just respond to our questions? I'll be glad to respond to any- Are there any errors that you know of in this case? No, Your Honor. However, in regards to an 11C1C plea that I think what this hearing may be focusing on, because I see no error is because Judge Harwell deferred his decision to accept the 11C1C plea until actual sentencing. And the reason I say that is, had he accepted the 11C1C at the initial plea- Which he didn't do. Correct. We would have waived things that we wouldn't know what the bargain is. We wouldn't have the PSR. We wouldn't have other things. We would- The final argument is, there's no error in this case. But if you thought about it for a while, if the facts were different, there might be errors. Yes, Your Honor. So, what is it that you want? I mean, the agreement under the 1C plea was for 120 months, and the judge accepted the plea, and then he was obliged, if he accepted the plea, to impose a sentence of 120 months, and he did that. And that seems to be, you know, both sides got the benefit of their bargain. You're not trying to withdraw your plea, are you? No, Your Honor. I am not. What relief. In the fact, you filed an Anders brief saying you don't see any error, and the court called you, so you came. Yes, sir. And I would just- I mean, you don't want to withdraw your plea, do you? This might not turn out so- it might be relatively more unfavorable for you than the second go-round. If this court were to reverse this particular matter, I would imagine my client would be potentially in a lot worse situation than he is. The sentence could be worse than it is, absolutely. And in front of us, you want to pat yourself on the back because you think you did a good job for your client in the case, isn't that correct? My client's in a whole lot better position, Your Honor, than he could have been. The answer would be yes. Yes, Your Honor. But the point is, you filed a brief following the law, you filed an Anders brief, said you've looked at it, you don't really see any issues here, but we set this whole argument, so you came to answer whatever we might ask you about the case. And you are satisfied with exactly the status of the case at this point with your client and the plea that he got and the deal that he got. Yes, sir. I don't have any further to add at this time. I reserve five minutes in rebuttal. I think Ms. Elmore has five minutes. Ms. Elmore, let's hear from you, please. May I please, of course, Your Honor? I'm Kathy Elmore from Florence, South Carolina, appearing today on behalf of my client, Kristen Williams. Ms. Williams entered into a written plea agreement with the government agreeing to what she believed and the government believed was the appropriate disposition of her case, taking into account all the facts and evidence and the discovery that was conducted prior to that time. That disposition was a sentence of 120 months. Of course, as my co-counsel has already pointed out, Judge Harwell reserved accepting the terms of the plea agreement until he had the PSR and had an opportunity to review that. At the sentencing hearing, he did notify us early into the hearing that he was going to accept the Rule 11C1C disposition. At that time, he also – Just ask you for a minute, do you agree with counsel there could have been problems had the court accepted the plea as soon as it was offered up, the plea agreement? You know, counsel, Mr. Cockrell said there might have been some issues had the court accepted the 11C1 immediately when it was offered. Do you agree with that position? Your Honor – Because it strikes me that that's an odd position, quite frankly, to be in, that you want a deal, you think it's a great deal for your client, but you're hoping the judge won't take it. Well, Your Honor, at the time that we entered into the plea agreement, I do have all of the information as does my client to enter into a contract with the government, and it would be my position that it's an arm's length transaction, mutual consent of the parties. In your position, does it matter when he accepts it? He did defer it until he saw the information. But had he accepted it right off? I don't think this is determinative in your case. I'm just asking, is there a problem? Had he accepted it right then and said, Your Honor, in this case we have a plea agreement, and he generally goes, I'm going to defer accepting that until I get a chance to see the pre-sentence report and all that, so I really understand. Based on what I understand the law to be, I do not think it makes a difference. That is Judge Harwell's practice, and I'm sure he has his reasons for that. But when we enter into the day that we sign the plea agreement – He has his reasons for that. He's being thoughtful and thorough as a judge is what he's doing. You filed – do we have any jurisdiction to hear your appeal? Your Honor, I did write in my Anders brief the issue of whether or not this court has jurisdiction pursuant to 18 U.S.C. 3742. Certainly the government did a very thorough job of raising all of the unpublished opinions that have come out of this circuit. I know, but I'm asking you. I'm asking you. Do we have jurisdiction to hear this appeal? Your Honor, I do not think that you do, respectfully. I don't see how we do either. I mean, because there was a mandatory minimum imposed in the case, and it was imposed as a result – not as a result of any incorrect guideline application, but it was imposed as a result of the plea agreement itself, which the district court accepted. And then the other things are not appealable because if you have a C-1 plea, you can't appeal under the third and fourth prongs of that statute. And so I'm hard-pressed. I think your answer was correct. I don't see that we have jurisdiction to even review the sentence. Unless there's other questions, I will not waste any further time in court. Glad to see you. Thank you. Do you have anything to add? No, Your Honor. I agree. I think we're in complete agreement. This is the first time I've ever been up on an appeal. Might this be the shortest oral argument in the history of the Fourth Circuit? Certainly my shortest, yes, sir. Would you feel really badly if you lost it? I would. So if you have any questions that give you concern, I would want to answer them. But you see it the same way? You're in agreement on the facts? I believe the court does. You understand sometimes we have hearings for various reasons, Mr. Taylor. I understand sometimes to publish a decision, you hold oral arguments, too. I think the only probably interesting thing about this case may arise from the jurisdiction question, which is really not a part of this case because it doesn't have that additional element on it that if the plea agreement had, in fact, been based upon the guidelines, then the question is would we have jurisdiction. It looks like under Brown and Freeman we would. But that's not what we're dealing with here because this particular plea agreement does not indicate it's based upon guidelines. It just simply indicates this is the amount of sentences. So it seems pretty clear. I agree with you. Yes, sir. All right. No further questions. Thank you very much. Governor, rest on his brief. No, we don't have any further questions. Mr. Cockrell, you have some rebuttal time. Is there anything you wish to add? Your Honor, I would just urge that, again, my position in regards to the 11C1C being deferred in acceptance, I think that the courts, Judge Harwell in this case, refer to the guidelines to make sure that there's not some huge disparity. And I think that jurisdiction-wise this court maintains at least the ability to review the sentence on that aspect because there are potential opportunities for a sentence to be opposed that neither Congress or the Sentencing Commission had expected as such. Wait a second. Yes, sir. Isn't that supposed to be a case in which the defense lawyer agreed to that improper illegal sentence? Well, I think that... Okay, because isn't this an agreed-to sentence in this type case? Yes, Your Honor, it is. So doesn't your question then assume that the judge, the government, and or the defense lawyer would agree to something that isn't called for under the law? Doesn't that? And that may be the case. That would be what? Ineffective assistance of counsel? What would that be? And, you know, obviously anything on a collateral attack is... I don't know. You got up and said in case you... I take it that you were sort of following up on what Judge Wynn said about looking at the guidelines. They might possibly be jurisdiction for an appeal to look at how this agreed-to sentence fits within the guidelines. Is that your point? I said is that your point? No, sir. Then what is your point? My point is at the stage that the plea is accepted... Right. That might be what? That sentence that's agreed to might be what in relation to the guidelines that would cause some concern? I would have concerns that there may be times where the plea has not been fully and intelligently entered into because of all the facts, the PSR, those kind of aspects. Well, those things aren't presented here. Yes, sir. And there are a lot of interesting questions, including what a plea agreement that makes reference to guidelines and everything as Judge Wynn pointed out. Those aren't before us. Thank you, Your Honor. I apologize for beating you. Thank you. We will come down to Greek Council and move into our final case.
judges: J. Harvie Wilkinson III, Dennis W. Shedd, James A. Wynn, Jr.